David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

```
_____
                                    )
Stefania Hnatenko,                  )
                                    )
                Plaintiff,          )
                                    )     No.
        - against -                 )
                                    )
P.L.S. STORES, INC.                 )
                                    )
                Defendant.          )
                                    )
_____)
```

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

## I.   Introduction

1.   This is an action for wages and overtime under the Fair Labor Standards Act and the New York Labor Law.

## II.   Parties

2.   Plaintiff ("Plaintiff" or "Ms. Hnatenko") is a natural person.

3.   Defendant P.L.S. STORES, INC. (the "Employer" or "Defendant") is a New York business corporation with a principle place of business in the State of New York, County of New York.

## III.   Venue and Jurisdiction

4.   The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claims under federal law and the remaining claims are part of the same case or controversy.

5. The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiff at its facility which is located in Manhattan.

6. Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendants' employment of the Plaintiff at its facility which is located in Manhattan.

### IV.   Background

7. At all times relevant to this complaint, the Employer operated a hotel gift shop at the Millenium Hilton in lower Manhattan.

8. Plaintiff was employed by the Defendant as a cashier and general worker for approximately 10 years and 9 months until her employment ended in or about September of 2016.   Plaintiff's terminal rate of pay was $8.75 per hour.

9. Plaintiff worked 5 days a week; her normal shift was from 3pm until 11pm. However she normally worked past 11pm until approximately 11:30pm so that her actual work week was at least approximately 42.5 hours per week.

10.  The Employer never paid Plaintiff wages or overtime premiums for this extra time.

### V.   Causes of Action and Demand for Relief

<u>Count One: Violation of New York Wage & Hour Law</u>

11. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

12. Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

13. The Employer was an employer within the meaning of those same regulations.

14.     The Employer violated the above law and regulations in that it did not properly compensate Plaintiff for the hours and overtime hours she worked.

Count Two: Violation of the Fair Labor Standards Act

15.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

16.     In the course of her job duties, Ms. Hnatenko regularly handled and processed credit card transactions, which necessarily entailed sending information by wire across state lines.

17.     For example, the most popular credit card type -- VISA -- has its clearinghouse located in Virginia.  Thus, each time Ms. Hnatenko processed a VISA transaction, she necessarily would have sent information from the VISA terminal in New York to the VISA clearinghouse in Virginia.

18.     Accordingly, Ms. Hnatenko was "in commerce" for purposes of the Fair Labor Standards Act.

19.     The Employer violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the hours and overtime hours he worked.

**[continued on next page]**

WHEREFORE  Plaintiff demands judgment against the Defendant in the amount of her unpaid back wages, overtime and liquidated damages, in an amount not more than $50,000.00 which includes attorneys fees and costs, and such other and further relief that the Court deems just.

                                              Respectfully submitted,

                                              David Abrams
                                               Attorney for Plaintiff
                                            305 Broadway Suite 601
                                            New York, NY 10007
                                            Tel. 212-897-5821
                                            Fax     212-897-5811

February 26, 2017
New York, New York